## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:15CV-00093-JHM**

**ALBERT GUTTERMAN, II**                                                                                  **PLAINTIFF**

**V.**

**SOURCEHOV HEALTHCARE, INC.**
**d/b/a SourceHov**                                                                                            **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, SourceHOV Healthcare, Inc., to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [DN 21]. Fully briefed, this matter is ripe for decision.

### I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679.

Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). It is against this standard the Court reviews the following facts.

## II. BACKGROUND

Plaintiff, Albert Gutterman, was employed by SourceHOV as Vice President of Sales at Defendant's Louisville, Kentucky, office from approximately 2001 to December 31, 2013. Gutterman alleges that during his employment, SourceHOV presented him with employment handbooks and multiple documents to sign evidencing an employment agreement between the parties. Gutterman maintains that SourceHOV also made oral representations to him concerning his employment. Gutterman further alleges that while he performed his promises and obligations under the various employment agreements, SourceHOV terminated his employment by telephone effective December 31, 2013. At the time of his termination, Gutterman was 58 years old and believes that his position was filled by a substantially younger worker.

On January 26, 2015, Gutterman filed this current action against SourceHOV alleging claims of breach of contract, age discrimination pursuant to the Kentucky Civil Rights Act, and intentional infliction of emotional distress. On August 14, 2015, the Court granted Gutterman leave to amend his complaint. SourceHOV now moves to dismiss Gutterman's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) arguing that (1) Plaintiff's breach of contract claim is barred by the at-will employment doctrine; (2) Plaintiff's age discrimination claim is devoid of facts supporting the claim; and (3) Plaintiff's intentional infliction of emotional distress is preempted by the Kentucky Civil Rights Act, and even if it is not, Plaintiff has not pled facts sufficient to meet the high standard necessary to prevail on an outrage claim.

## III. DISCUSSION

### A. Breach of Contract Claim

"It is well-settled in Kentucky that absent a contractual provision to the contrary or a statutory cause of action, an employer may terminate an employee's employment at-will." Evans v. Two Hawk Employment Services, 2015 WL 403149, *4-5 (E.D. Ky. Jan. 28, 2015); Nork v. Fetter Printing Co., 738 S.W.2d 824, 826–27 (Ky. App. 1987); Noel v. Elk Brand Mfg. Co., 53 S.W.3d 95, 98 (Ky. App. 2000). "Ordinarily an employer may discharge an at-will employee for good cause, for no cause, or for a cause that some might view as morally indefensible." Wymer v. JH Properties, Inc., 50 S.W.3d 195, 198 (Ky. 2001); see also Whitley v. Rite Aid of Kentucky, Inc., 2015 WL 1303639, *2 (Ky. App. Mar. 20, 2015)("In an action alleging breach of an employment contract, '[i]t should be shown that such contract was entered into for a definite period of time; and likewise should show obligation on the part of the employee to render service for a fixed period and reciprocal obligation on the employer's part to retain the employee's services.'"(internal citations omitted)).

Gutterman fails to state a claim for breach of contract because he pleads no facts suggesting that his employment was anything other than at-will.  As discussed above, in his amended complaint, Gutterman asserts that he had an employment agreement with SourceHOV from 2001 until December 31, 2013.  Gutterman alleges that SourceHOV presented Gutterman with employment handbooks and multiple documents to sign evidencing the employment agreement.  Gutterman asserts that SourceHOV breached the various employment agreements both written and oral when Plaintiff was unlawfully terminated without notice and without prior warning.  (Amended Complaint ¶¶ 2-3.)  Even taking the allegations in the Gutterman's amended complaint as true, there is no claim that the Defendant agreed to "employ him for an

indefinite period of time with a covenant not to terminate without cause." Kallick v. U.S. National Bank Ass'n., 2012 WL 5178152, *2 (E.D. Ky. Oct. 18, 2012). Accordingly, Gutterman failed to allege any facts from which it could be determined that he was not an at-will employee.

Moreover, the Employment Handbook Gutterman references in his amended complaint and attaches to his response in opposition to SourceHOV's motion to dismiss specifically states under the heading "**At-Will Employment**": "I understand that this Employee Handbook is not a contract of employment or continued employment, expressed or implied, between the Company and me and that I should not view it as a contract of employment or continued employment." (Plaintiff's Response, Exhibits B, C) Further, the Employee Handbook provides that

> I also understand and agree that [unless I have an explicit written employment agreement that provides for employment other than at will,] my employment is at will, meaning that my employment is for no definite period and may, regardless of the time and manner of payment of my wages or salary, be terminated at any time by me or the Company, with or without cause, or advance notice . . . .

(Id.) The remainder of the agreements referenced by Gutterman in his amended complaint and in his response to the motion to dismiss do not alter the at-will relationship between Gutterman and SourceHOV. Thus, Gutterman fails to state a claim for breach of contract, and the motion to dismiss this claim is granted.

### B. Age Discrimination Claim

Under the Kentucky Civil Rights Act ("KCRA"), it is unlawful for an employer "[t]o fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's . . . age forty (40) and over[.]" KRS § 344.040(1)(a). "Claims brought under . . . KCRA are 'analyzed in the same manner'" as claims brought under the Age Discrimination

4

in Employment Act ("ADEA"). Allen v. Highlands Hosp. Corp., 545 F.3d 387, 394 (6th Cir. 2008) (quoting Williams v. Tyco Elec. Corp., 161 Fed. Appx. 526, 531 & n. 3 (6th Cir. 2006)). See also Williams v. Wal–Mart Stores, Inc., 184 S.W.3d 492, 495 (Ky. 2005).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "broad and conclusory allegations of discrimination cannot be the basis of a complaint and a plaintiff must state allegations that plausibly give rise to the inference that a defendant acted as the plaintiff claims." HDC, LLC v. City of Ann Arbor, 675 F.3d 608, 614 (6th Cir. 2012) (affirming dismissal of Fair Housing Act claim where alleged facts did not support plausible inference of intentional discrimination); Pedreira v. Kentucky Baptist Homes for Children, Inc., 579 F.3d 722, 728 (6th Cir. 2009) (affirming dismissal of religious discrimination claim where plaintiff failed to allege facts plausibly linking her termination to religious beliefs); House v. Rexam Beverage Can Co., 2015 WL 6743440, *2 (6th Cir. Nov. 4, 2015). Although Gutterman's amended complaint "'need not present detailed factual allegations, it must allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference'" that SourceHOV discriminated against Gutterman with respect to his age. House, 2015 WL 6743440, *2 (quoting Keys v. Humana, Inc., 684 F.3d 605, 610 (6th Cir. 2012)(quoting Iqbal, 556 U.S. at 678–79)). Gutterman's amended complaint is devoid of facts that would support such an inference.

In his amended complaint, Gutterman alleges that he was a member of a protected class at the time of the unlawful termination; he was qualified for the position for which he was employed; and he believes that his position with Defendant was filled by a worker who was substantially younger than the Plaintiff. Gutterman further alleges that his age was "a substantial

5

motivating factor in Defendant's decision to terminate Plaintiff's employment and, but for Plaintiff's age, he would not have been terminated by Defendant." (Amended Complaint at ¶ 7.) The Court finds that these allegations only create speculation or suspicion; they do not show entitlement to relief for age discrimination. See Twombly, 550 U.S. at 553–54.

In this respect, the Court finds the facts of this case to be similar to the facts in Han v. University of Dayton, 541 Fed Appx. 622 (6th Cir. 2013). There, the Sixth Circuit affirmed the dismissal of the plaintiff's race and gender discrimination claims. The plaintiff, a law professor, had alleged his race, his gender, and that he had received a bad review and was later discharged. The plaintiff had also alleged that a white male was hired as an adjunct professor to teach one of his patent law classes. Id. at 625. In affirming the dismissal, the Sixth Circuit held:

> Plaintiff alleges no set of facts, beyond these bare and conclusory assertions, from which a reasonable person could infer how his race or gender factored into the University's decisions regarding his employment or caused him to lose his job, as opposed to any other, non-discriminatory basis for decisions regarding his employment. The Court is therefore left to infer that the University's decision-making regarding Plaintiff's employment was discriminatory simply based on the fact that he is a man, or that he is Asian–American, or both.

Id. at 627. A similar conclusion can be reached here. While Plaintiff has alleged that he is over forty years old and that he believes that his position was filled by a substantially younger person, the Court simply has no factual basis which would permit it to infer that the Plaintiff's age factored into Defendant's decision to terminate him, "as opposed to any other, non-discriminatory basis." Id. Without additional factual detail, just as in Han, Gutterman's allegations are essentially recitations of the elements of an age discrimination claim and are simply not enough to survive a motion to dismiss. House, 2015 WL 6743440, *4; see also Downs v. Bel Brands USA, Inc., 613 Fed. Appx, 515, 518-19 (6th Cir. 2015).

### C. Intentional Infliction of Emotional Distress or Tort of Outrage

"The tort of IIED, formerly 'outrage,' was recognized by the Kentucky Supreme Court in Craft v. Rice, 671 S.W.2d 247 (Ky. 1984)." Bogle v. Luvata Franklin, Inc., 2013 WL 1310753, *2 (W.D. Ky. Mar. 28, 2013). Under Kentucky law, "IIED serves as a "gap filler" to provide a remedy when other means of redress are unavailable." Id. (citing Brewer v. Hillard, 15 S.W.3d 1, 8 (Ky. App. 1999); Rigazio v. Archdiocese of Louisville, 853 S.W.2d 295, 299 (Ky. App. 1993)). Defendant argues that because recovery for Gutterman's alleged emotional distress is available under the Kentucky Civil Rights Act, he cannot maintain his IIED claim. The Court agrees.

"Kentucky courts have consistently held that where a plaintiff pursues relief under the Kentucky Civil Rights Act, a claim of IIED based on the same employer conduct is barred." Bogle, 2013 WL 1310753, *2 (citing Kroger Co. v. Buckley, 113 S.W.3d 644, 646 (Ky. App. 2003) ("[W]hen a plaintiff prosecutes a KRS Chapter 344 claim and an outrageous conduct claim concurrently, the former preempts the latter. . . . [A] KRS Chapter 344 claim preempts a common law IIED/outrageous conduct claim."); Wilson v. Lowe's Home Ctr., 75 S.W.3d 229, 239 (Ky. App. 2001) (holding that a plaintiff's IIED claim against [his employer] was subsumed by his KRS Chapter 344 claims)); see also Taylor v. University Medical Center, Inc., 2005 WL 1026190, at *3 (W.D. Ky. 2005) (dismissing IIED as a gap-filler tort while simultaneously granting summary judgment on all other tort claims); Cissell v. KFC Corp., 2007 WL 3227571, *2 (Ky. App. Nov. 2, 2007) (affirming same). Therefore, because Gutterman pursued claims under the Kentucky Civil Rights Act, his IIED claim arising out of the same events fails and must be dismissed. Bogle, 2013 WL 1310753, *2.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the motion by Defendant, SourceHOV Healthcare, Inc., to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [DN 21] is **GRANTED**. A judgment shall be entered consistent with this opinion.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

February 2, 2016